United States District Court
Southern District of Texas
**ENTERED**
January 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LUCIANO BALADEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-276 |
| | § | |
| G. MILLER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE FOR FAILURE TO PROSECUTE

Plaintiff Luciano Baladez, a Texas inmate currently confined at the McConnell Unit in Beeville, Texas, has filed this *pro se* civil rights complaint along with an application to proceed *in forma pauperis*. (D.E. 1, 2). In a Notice of Deficient Pleading issued on October 9, 2019, Plaintiff was notified that he must submit within twenty days a certified copy of his inmate trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. (D.E. 5). Plaintiff was warned that failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of prosecution.

Plaintiff failed to comply with the Notice of Deficient Pleading and submit the requested information. On December 19, 2019, Magistrate Judge B. Janice Ellington ordered Plaintiff to show cause within twenty days why his civil rights action should not be dismissed for want of prosecution. (D.E. 7). Judge Ellington again instructed Plaintiff to submit copy of his inmate trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. Plaintiff was

warned that his failure to comply with the December 19, 2019 Show Cause Order would result in a recommendation to the District Court that this action be dismissed.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order.  Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).  To date, Plaintiff has not responded to either the October 9, 2019 Notice of Deficient Pleading or the December 19, 2019 Show Cause Order.  Plaintiff has repeatedly failed to follow court orders and submit the requested information in support of his application to proceed *in forma pauperis*.  He has been previously advised that this action may be dismissed for want of prosecution if he fails to comply with a court order.  Dismissal is therefore warranted under these circumstances.

Accordingly, it is respectfully recommended that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

ORDERED this 15th day of January, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).